UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIKO SHONTA SIMMONS,

        Petitioner,

v.                                          CASE NO. 10-10435
                                           HONORABLE NANCY G. EDMUNDS

BLAINE LAFLER,

        Respondent.

_____/

**ORDER**
**(1) GRANTING PETITIONER'S MOTION FOR CLARIFICATION,**
**(2) GRANTING RESPONDENT'S MOTION TO DISMISS,**
**(3) DENYING PETITIONER'S MOTION FOR DISCOVERY,**
**AN EVIDENTIARY HEARING, BOND, AND ORAL ARGUMENTS,**
**(4) DISMISSING THIS CASE, AND**
**(5) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**
**OR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Pending before the Court are petitioner Niko Shonta Simmons' habeas corpus petition under 28 U.S.C. § 2254 and respondent Blaine Lafler's motion to dismiss the petition for failure to exhaust state remedies. Also pending before the Court are Petitioner's motions for clarification and for discovery, an evidentiary hearing, bond, and oral arguments.

Shortly after Petitioner filed his petition, another judge in this District determined in a related case that Petitioner had not exhausted state remedies for all his claims. Because the exhaustion issue has already been decided, Respondent's motion to dismiss the petition is granted. Petitioner's motion for clarification likewise is granted, but his motion for discovery and other relief is denied.

## I. Background

In 2007, Petitioner pleaded guilty in Wayne County Circuit Court to armed robbery and felony firearm, second offense. The trial court sentenced Petitioner to imprisonment for seven to twenty years for the armed robbery conviction and to a consecutive term of five years for the felony firearm conviction. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented, *see People v. Simmons*, No. 285409 (Mich. Ct. App. June 6, 2008) (unpublished), and on October 27, 2008, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Simmons*, 757 N.W.2d 85 (Mich. 2008) (table). Petitioner filed a motion for relief from judgment, which the trial court apparently denied in 2009.

On January 26, 2010, Petitioner filed a federal petition for the writ of habeas corpus in this District. The *pro se* petition, which challenged Petitioner's armed robbery and felony firearm convictions, was assigned to the Honorable Lawrence P. Zatkoff and given the case number 10-10353. On February 2, 2010, Petitioner filed another habeas corpus petition, which is the one pending before this Court. Although the two petitions are styled differently, both of them challenge Petitioner's Wayne County convictions for armed robbery and felony firearm, and both petitions assert the same fourteen claims. The Court ordered Respondent to file a responsive pleading because it was unaware that Petitioner had challenged the same convictions in a prior petition.

On February 24, 2010, Judge Zatkoff dismissed Petitioner's first petition without prejudice for failure to exhaust state remedies. *See Simmons v. Lafler*, No. 10-10353 (E.D. Mich. Feb. 24, 2010). Petitioner did not appeal Judge Zatkoff's decision, and it does not appear that he took any steps to pursue state remedies for his unexhausted claims after

Judge Zatkoff dismissed case number 10-10353 without prejudice. Instead, Petitioner moved for clarification in this case. He inquired as to why there were two separate docket numbers for his case, and he claimed that his pleadings should be consolidated under one judge and one docket number.

Respondent subsequently moved to dismiss this case on the ground that Petitioner had not exhausted state remedies for all his claims. Finally, on October 12, 2010, Petitioner filed a motion titled "Petitioner/Plaintiff's Motion & Brief in Support - to Respondent's Pleadings ordered February 22, 2010 A.D." The motion seeks discovery, an evidentiary hearing, release on bond, and oral arguments.

## II. Discussion

"Whether a habeas petitioner has satisfied the exhaustion requirement is a question of law," *Satterlee v. Wolfenbarger*, 453 F.3d 362, 365 (6th Cir. 2006), and

> [t]he doctrine of *stare decisis et no quieta movere* - meaning "to stand by things decided, and not to disturb settled points," Black's Law Dictionary 1414 (7th ed. 1999) - reflects the principle that, for the sake of consistency and order, courts should follow prior decisions regarding the same points of law. . . . In most cases, *stare decisis* "is usually the wise policy, because in most matters it is more important that the applicable rule of law be settled than that it be settled right." *Burnet* [*v. Coronado Oil & Gas Co.,* 285 U.S. 393, 406 (1932)] (Brandeis, J., dissenting).

*Rutherford v. Columbia Gas*, 575 F.3d 616, 623 (6th Cir. 2009).

Judge Zatkoff has already determined that Petitioner did not exhaust state remedies for all his claims and that Petitioner must complete the state court process before proceeding on federal habeas review. Because the exhaustion issue has already been decided and because Petitioner's circumstances have not changed since that determination was made, it would be inappropriate for this Court to re-examine the issue. "[W]hen a point

3

has been once settled by judicial decision it forms a precedent for the guidance of courts in similar cases." *The Madrid*, 40 F. 677, 679 (D.C. La. 1889) (quoted in *New York Life Ins. Co. v. Ross*, 30 F.2d 80, 83 (6th Cir. 1928)).

Accordingly, Respondent's Motion to Dismiss [Dkt. #7] is **GRANTED**. Petitioner's motion for clarification [Dkt. #4] is **GRANTED**, but Petitioner's motion for discovery, an evidentiary hearing, bond, and oral arguments [Dkt. #9] is **DENIED** as moot.  This case is dismissed.  The Court declines to issue a certificate of appealability or leave to proceed *in forma pauperis* because reasonable jurists would not find it debatable whether the Court's procedural ruling is correct or whether the petition states a valid claim of the denial of a constitutional right.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  January 20, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 20, 2011, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager