UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NIKO SHONTA SIMMONS,

                       Petitioner,

v.                                         CASE NO. 10-10435
                                         HONORABLE NANCY G. EDMUNDS
BLAINE LAFLER,

                       Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT [12]

On February 2, 2010, petitioner Niko Shonta Simmons commenced this action by filing a *pro se* habeas corpus petition.  The Court dismissed the petition because Petitioner previously filed a habeas corpus petition challenging the same convictions and raising the same issues and because the judge assigned to the prior case had already determined that Petitioner failed to exhaust state remedies for his claims. Currently pending before the Court is Petitioner's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(4).  Petitioner contends that the Court's judgment in this case is void.  For the reasons that follow, the motion is denied.

### I.  Background

In 2007, Petitioner pleaded guilty to armed robbery, Mich. Comp. Laws § 750.529, and possession of a firearm during the commission of a felony, second offense, Mich. Comp. Laws § 750.227b.  The trial court sentenced Petitioner to five years in prison for the felony-firearm conviction and to a consecutive term of seven to twenty years in prison for the robbery conviction.  Petitioner appealed his convictions,

but the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *See People v. Simmons*, No. 285409 (Mich. Ct. App. June 6, 2008). On October 27, 2008, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Simmons*, 757 N.W.2d 85 (Mich. 2008) (table).

On January 26, 2010, Petitioner filed his first petition for the writ of habeas corpus, challenging his armed robbery and felony-firearm convictions on fourteen grounds. The case was assigned to former United States District Judge Lawrence P. Zatkoff. *See Simmons v. Lafler*, No. 10-10353 (E.D. Mich. Jan. 26, 2010).

On February 2, 2010, Petitioner commenced this action by filing another habeas corpus petition, challenging the same convictions for armed robbery and felony firearm and asserting the same fourteen grounds for relief. The Court ordered the State to file a responsive pleading because the Court was unaware at the time that Petitioner had challenged the same convictions in a prior petition.

On February 24, 2010, Judge Zatkoff dismissed Petitioner's first petition without prejudice for failure to exhaust state remedies. The State subsequently moved to dismiss this case on the basis that Petitioner had not exhausted state remedies for all his claims. On January 20, 2011, this Court granted the State's motion because Judge Zatkoff had already determined that Petitioner did not exhaust state remedies for all his claims and because it appeared that Petitioner did not pursue any state remedies for his unexhausted claims after Judge Zatkoff dismissed Petitioner's first petition.

2

On April 28, 2011, Petitioner filed a third habeas corpus petition, which United States District Judge Sean F. Cox dismissed as untimely. *See Simmons v. Woods*, No. 11-11869 (E.D. Mich. Feb. 27, 2014). Petitioner appealed Judge Cox's decision, but the United States Court of Appeals for the Sixth Circuit declined to grant a certificate of appealability. *See Simmons v. MacLaren*, No. 14-1568 (6th Cir. Sept. 30, 2014).

Currently pending before this Court is Petitioner's motion for relief from judgment. Petitioner argues that he was denied his right to counsel at his arraignment in state district court, that his trial attorney failed to subject his case to meaningful adversarial testing, that he was improperly convicted of felony firearm, second offense, and that the prosecutor reneged on the signed plea agreement. Petitioner also challenges the Court's conclusion that he did not exhaust state remedies for all his claims.

## II.  Discussion

Petitioner brings his motion under Federal Rule of Civil Procedure 60(b)(4), which authorizes courts to grant relief from a final judgment that is void. Motions "under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Petitioner filed his Rule 60(b) motion more than five years after this Court dismissed his habeas petition. He could have raised his arguments sooner, as none of his claims are based on new evidence. He also has not provided the Court with an explanation for the late filing. Thus, his motion is untimely.

Petitioner also has not persuaded the Court that its order of dismissal is void. "A judgment is void under 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process

3

of law.' " *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) (quoting *In re Edwards*, 962 F.2d 641, 644 (7th Cir.1992)).

This Court had subject matter jurisdiction of Petitioner's habeas petition because Petitioner filed his petition under 28 U.S.C. § 2254, which authorizes federal district courts to entertain applications for the writ of habeas corpus in behalf of persons in custody pursuant to a state court's judgment. Furthermore, the Court did not deprive Petitioner of due process when it dismissed his petition. Petitioner was put on notice as early as February 24, 2010, when Judge Zatkoff dismissed his first habeas petition, that he had not exhausted state remedies for some of his claims. He could have moved for a stay of this case then and pointed out that he wanted to pursue state remedies for his unexhausted claims without the risk of having his habeas petition barred by the statute of limitations.

Petitioner contends that Judge Zatkoff and this Court erroneously concluded that he did not exhaust state remedies for all his claims. Petitioner alleges that he raised his claims in a *pro se* supplemental brief, which he mailed to the Michigan Court of Appeals on June 13, 2008. (Mot. at 21, ECF No. 12, Pg ID 445.) The Michigan Court of Appeals, however, rejected the brief because the court had denied leave to appeal before it received Petitioner's supplemental brief. Consequently, any claims that Petitioner raised in his *pro se* supplemental brief in the Michigan Court of Appeals were not exhausted when they were raised here. *See Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009) (explaining that the exhaustion requirement is satisfied if the prisoner fairly presents the factual and legal basis for each of his claims to the state court of

4

appeals and to the state supreme court before raising the claims in a habeas corpus petition).  Even if the Court erred on the exhaustion issue, "[a] judgment is not void . . . simply because it is or may have been erroneous."  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (quoting *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir. 1995)).

### III.  Conclusion

Petitioner has failed to demonstrate that the Court's order dismissing his habeas corpus petition is void.  In addition, his motion is untimely.  The Court therefore denies the motion for relief from judgment (ECF No. 12).

s/ Nancy G. Edmunds
NANCY G. EDMUNDS

Dated: 12/5/16                UNITED STATES DISTRICT JUDGE

CERTIFICATION

I hereby certify that a copy of this order was served upon parties and/or counsel of record on this 5th day of December, 2016 by regular U.S. Mail and/or CM/ECF.

s/ Carol J Bethel
Case Manager
